UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ELETTRA MEEKS, JOSEPH DELACRUZ, STEPHANIE LAGUNA, AMBER LEONARD, and BECKY WITT, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.: 3:21-cv-07727-CRB<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS |

Plaintiffs Elettra Meeks, Joseph Delacruz, Stephanie Laguna, and Amber Leonard, individually and on behalf of the preliminarily certified Settlement Class, have submitted to the Court a Motion for Final Approval of the Settlement Agreement and Final Certification of the Settlement Class (ECF No. _____ or "Final Approval Motion").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on __May 31__, 2024, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable, and grants final approval to the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and definitions given to them in the Preliminary

Approval Order and Settlement Agreement, as submitted to the Court with Plaintiffs' Preliminary Approval Motion.

2. This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and enforcement of the Settlement, the Settlement Agreement, this Final Approval Order, and the accompanying Injunctive Relief Order.

## CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Rule 23(b)(3) Settlement Class defined as follows:

> All persons located in the United States identified by Equifax as having (i) an account pertaining to a Tribal Loan, which was furnished to Equifax by Midwest Recovery and/or CACI, reporting on their Equifax credit file at any time during the Class Period and (ii) had a hard inquiry on their Equifax credit file by a third party during the Class Period and at a time when such an account was reporting on their Equifax credit file.
>
> Excluded from the Settlement Class are (i) Equifax, any entity in which Equifax has a controlling interest, and Equifax's officers, directors, legal representatives, Successors, Subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Lawsuit and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement Class.

4. Certification of the Rule 23(b)(3) Settlement Class is hereby reaffirmed as a final Settlement Class under Federal Rule of Civil Procedure 23(b)(3). For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed Plaintiffs Meeks, Delacruz, Laguna, and Leonard as Settlement Class Representatives for the Settlement Class, and hereby reaffirms that appointment, finding, on the record before it, that Plaintiffs have and continue to adequately represent Settlement Class Members.

6. In the Preliminary Approval Order, this Court previously appointed the law firms of Consumer Litigation Associates, P.C., Kelly Guzzo PLC, and Gupta Wessler PLLC as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

7.     In the Preliminary Approval Order, this Court previously appointed Continental DataLogix, LLC as Settlement Administrator. The Court confirms its earlier appointment of Continental DataLogix, LLC, and directs it to continue to carry out its duties pursuant to the Settlement Agreement, subject to the jurisdiction and oversight of this Court.

**NOTICE TO THE CLASS**

8.     The record shows, and the Court finds, that class notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order and as set forth in the Notice Plan. The Court finds that such notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Lawsuit and the terms of the Settlement Agreement, members' rights to opt out or object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order, whether favorable or unfavorable; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

9.     Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to all Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order, except for the Settlement Class Members who submitted timely requests for exclusion from the Settlement Class. A list of these individuals is attached as Exhibit 1.

**FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

10.    Under Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Defendant, and are in full

compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member (except for the ones listed in Exhibit 1) bound by the Settlement Agreement, including any releases therein.

11. Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

   a. This Lawsuit was complex and time consuming and would have continued to be so through summary judgment, class certification, or trial if it had not settled;

   b. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Lawsuit while negotiating the Settlement;

   c. The relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to liability and damages;

   d. The Settlement was the result of arm's-length, good faith negotiations and exchange of information by experienced counsel;

   e. The reaction of the class to the Settlement has been positive, with no objections.

12. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## BENEFITS TO THE CLASS

13. In addition to the monetary benefits provided to Settlement Class Members under the Settlement, the Court is contemporaneously entering the Injunctive Relief Order, in accordance with Section 4.1 of the Settlement, requiring Equifax to implement the changes and procedures stated therein.

## DISMISSAL OF CLAIMS AND RELEASES

14. This Lawsuit and all Released Claims of Settlement Class Members are hereby dismissed with prejudice and, except as otherwise provided herein or in the Settlement Agreement, without costs to any party.

15. Under the Settlement Agreement, as of the Effective Date of this Settlement, all Settlement Class Representatives and all Settlements Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and Successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, and unconditionally release and discharge any and all Released Claims against the Released Parties, and any of their current, former, and future Affiliates, Parents, Subsidiaries, representatives, officers, agents, directors, employees, contractors, vendors, insurers, Successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or the Settlement Agreement.

16. "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, obligations, offsets, setoffs, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, statutory, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to (i) Equifax's inclusion of information relating to a Tribal Loan in a consumer's Equifax credit file or (ii) Equifax's providing of information about a consumer relating to a Tribal Loan to a third party, the facts alleged in the Lawsuit, or any theories of recovery that were, or could have been, raised at any point in the Lawsuit.  However, notwithstanding the foregoing, Released Claims shall not include any claim for damages (i) asserted under 15 U.S.C. § 1681i (or any state law equivalent) and (ii) brought solely in an individual capacity (i.e., not on behalf of a putative class or in any other representative capacity).

17. The release shall not pertain to claims relating to conduct occurring or actions taken by any Released Party after the Effective Date.

18. The release in the Settlement Agreement may be raised as a complete defense and bar to any Released Claim and any action or demand brought in contravention of the Settlement Agreement.  The Settlement Class Representatives and Settlement Class Members are hereby barred

and enjoined (including during the pendency of any appeal taken from this Final Approval Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claim in any judicial, administrative, arbitral, or other forum. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

## AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

19. Under Federal Rule of Civil Procedure 23(h), on March 4, 2024, Class Counsel applied to the Court for an award of attorneys' fees, costs, and service awards for the Named Plaintiffs with regard to the Settlement. (ECF Nos. 67, 67-1, 67-2.) Pursuant to the Settlement Agreement, Class Counsel requested reasonable attorneys' fees of $811,635 (or the equivalent of 33.33 percent of the total claims to be paid by Equifax). Class Counsel has separately requested an award of $300,000 in attorneys' fees for procuring the injunctive relief on behalf of the Class, to be paid separately by Equifax. The amount of the Service Awards that Plaintiffs requested is $5,000 per Settlement Class Representatives, and it is to be paid separately by Equifax. The Court also approves Class Counsel's proposal that it pay the ten late-submitted claims $500 each from its award of attorneys' fees.

20. No Settlement Class Member or Government entity has objected to Class Counsel's request.

21. The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of Class Counsel's request for attorneys' fees and reimbursement of costs, approves an award of attorneys' fees to Class Counsel in the amount of $1,111,635. The Court finds that this amount is reasonable and appropriate under all of the circumstances presented.

22. However, Equifax shall withhold from this payment 10% of the award of attorneys' fees, $111,163.50, pending the filing by Class Counsel of a Post-Judgment Accounting within 21 days after the settlement funds have been fully distributed to Class Members (but before any *cy pres* distribution). The Post-Distribution Accounting shall contain:

23. A statement of when payments were made to Class Members, and the number of members who were sent payments;

    a. The total amount of money paid out to members, including the average and median recovery per Class Member;

    b. The largest and smallest amount paid to Class Members;

    c. The number and value of cashed and uncashed checks;

    d. The number of members who could not be contacted;

    e. The amount to be distributed to each *cy pres* recipient;

    f. Any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval; and

    g. Any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

24. The Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. Moreover, the Service Awards are justified by the time and effort expended by Settlement Class Representatives on behalf of the Settlement Class Members and the risk they assumed in bringing this action. Accordingly, the Court finds that Plaintiffs Meeks, Delacruz, Laguna, and Leonard shall be awarded $5,000 each for their efforts, to be paid by Equifax.

25. The Court further notes that information about the requested attorneys' fees, the reimbursement of costs, and the Service Awards was included in the notice materials disseminated to the Settlement Class.

26. Subject to Paragraph 22 above, the attorneys' fees and Service Award shall be paid by Equifax within ten (10) days after the Effective Date, but only after receipt of payment instructions from Class Counsel and receipt of W9 forms completed by Class Counsel and the Named Plaintiffs, and otherwise subject to the requirements in the Settlement Agreement.

**OTHER PROVISIONS**

27. The Court has jurisdiction to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the

Settlement Agreement or the Final Approval Order, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or the Final Approval Order (including, whether a person or entity is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement or the Final Approval Order.

28. The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

29. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Approval Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

30. In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

31. This Final Approval Order is final for purposes of appeal and may be appealed immediately.

**It is SO ORDERED.**

DATED: May 31, 2024

Hon. Charles R. Breyer
United States District Judge